UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - TRENTON

KISMET HARVEY, individually and on
behalf all others similarly situated,

                 Plaintiff,

        v.

CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,

                 Defendant.

Civil Action No. _____

**CLASS ACTION COMPLAINT
AND JURY DEMAND**

Plaintiff Kismet Harvey ("Plaintiff" or "Ms. Harvey") brings this action against Cellco

Partnership d/b/a Verizon Wireless ("Verizon" or the "Company") by and through her attorneys,

individually and on behalf of all others similarly situated, and alleges with personal knowledge

as to her own actions, and upon information and belief as to those of others, as follows:

<u>**Nature of the Case**</u>

1.      Verizon engages in a uniformly abusive and unfair practice: it intentionally

charges consumers for products and services that it knows (or should know) were actually sold to

identity thieves, and coerces payments for those fraudulent purchases by threatening to report the

victims as delinquent to Credit Reporting Agencies ("CRA").  In other words, Verizon extorts

payments from innocent victims of identity theft by threatening to besmirch their reputations and

destroy their creditworthiness.

2.      Verizon is aware that its point of sales procedures lack sufficient checks and

safeguards to prevent identity thieves from obtaining services and products using innocent

consumers' identities.  However, when a consumer reports to Verizon that a particular charge is

false, the Company fails to make an adequate or reasonable investigation and instead continues to attempt to collect on the fraudulent debt. To coerce consumers into making payments for fraudulent charges they never authorized, Verizon then threatens to damage their credit rating. Verizon reports as delinquent to the CRAs those victims who do not give in to its extortionate demands quickly enough and subjects them to debt collection activity.

3.      Plaintiff brings this suit pursuant to the Telecommunications Act, 47 U.S.C. § 201(b) and the Truth in Billing rules, 47 C.F.R. § 64.2401, the New Jersey Consumer Fraud Act, N.J.S.A. 56: 8-1 *et seq*., and common law, on behalf of all persons in the United States charged by Verizon for products or services not actually purchased by such persons on or after April 2012 ("Class Members") (the "Class") seeking, *inter alia*, injunctive relief, actual damages and refunds, compensatory damages, disgorgement, restitution, treble damages, attorneys' fees, and the costs of this suit.

## Parties

4.      Plaintiff Kismet Harvey is a citizen of Washington residing in Arlington, Washington. In 2017, an identity thief opened a Verizon account using Plaintiff's identity. The identity thief purchased a phone in Plaintiff's name pursuant to a device installment sales agreement that required periodic monthly payments. The identity thief also entered into a customer agreement requiring Plaintiff to purchase wireless phone service from Verizon over a period of time. Immediately after she became aware of this fraudulent transaction, Plaintiff promptly informed Verizon that she did not make or authorize these purchases, and she made a police report. Verizon failed to conduct an adequate and reasonable investigation. Instead, it has continued to send bills and continued to threaten that Verizon will damage Plaintiff's credit

rating if she does not pay. To avoid suffering damage to her credit, and under duress, Plaintiff made payments to Verizon.

5.      Defendant Cellco Partnership d/b/a Verizon Wireless is registered to do business in Delaware with its principal place of business in Basking Ridge, New Jersey. Verizon provides wireless voice and data services and related equipment to consumers.

## Jurisdiction and Venue

6.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1331 because it arises under the Federal Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.*, and the Federal Communication Commission's ("FCC") Truth-in-Billing rules, 47 C.F.R. §§ 64.2400 *et seq.*

7.      Jurisdiction in this civil action is also authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, at all relevant times, Verizon has continuously transacted business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Operative Facts

9.      Across the nation many consumers have been shocked to discover that an unauthorized Verizon wireless account has been opened in their name. Usually, consumers first become aware of the problem after receiving a bill for hundreds or thousands of dollars for an account they did not open or authorize, and one or more expensive cell phones and wireless service(s) they never ordered, received or used. In a typical case, an identity thief purchases one or more expensive cell phones in the victim's name under a device installment sales agreement

that allows the identity thief to immediately obtain a phone that the victim is obligated to pay for in monthly installments over a period of time.  The agreement also commits the victim to purchase Verizon's wireless service over a period of time (the "Fraudulent Account").

10.     Verizon has become an attractive target for identity thieves who exploit their weak security practices because Verizon does not take adequate or reasonable precautions to confirm consumers' identities before allowing them to sign up for an account.  Many victims of Verizon identity theft have noted that Verizon allowed an identity thief to open a Fraudulent Account in their name despite being provided with incorrect information, or otherwise expressed frustration about the ease with which an identity thief is able to open an unauthorized Verizon account.  For example:

> When George Shrader ran his credit to buy a house, he found thousands of dollars in past-due Verizon wireless bills.  But he was never a customer!  When Mr. Shrader called Verizon about the fake accounts . . . . The company's response?  "She asked [for] my social security number, it didn't match the account," Shrader said. "She asked for my address, it didn't match the account."  There were no answers . . . .

Mizkirsten, *More Customers Complain of Fraudulent Verizon Accounts*, NEWS CHANNEL 8 (May 1, 2015), http://wfla.com/2015/05/01/more-customers-complain-of-fraudulent-verizon-accounts/.

> Someone opened a Verizon account using my name and address.  I spoke with their fraud department and they said it was not with my social security number. They said therefore I was not liable and they refuse to close the account, saying it isn't [ID] fraud.  I am receiving the bills . . . .

*What Can I Do To Make Verizon Close An Account Opened In My Name And Address?*, AVVO (Dec. 12, 2015), https://www.avvo.com/legal-answers/what-can-i-do-to-make-verizon-close-an-account-ope-2438758.html.

> I received a collection notice from Convergence that I owe over $2,000 on an outstanding bill to Verizon.  But . . . 1. [I] have never

opened an account with Verizon; 2) my last name is misspelled;
and 3) I haven't lived in the US for nine years . . . .

Stephanie, *Should You Pay Convergent Outsourcing Collecting Old Unpaid Debts?* CONSUMER

RECOVERY NETWORK (Nov. 30, 2016),

https://consumerrecoverynetwork.com/question/convergent-outsourcing-resolving-collection-

accounts/.

> Posted by:  HARD WORKING PEOPLE  Mar. 6, 2015
>
> Wow, I can see Verizon has a problem with identity theft.  I am
> another victim I just found out about it last night when [I]
> [received] this letter from this mediocre Verizon company with [a]
> balance past due over $1,000 when I never had anything to do with
> this company or any account and I tell you what I did today [I]
> [w]alked in to one of their store[s] . . . and I told them that I was
> very interested in open[ing] an account with them but I didn't have
> any picture ID or social security card and guess what their answer
> was "as long as you know your social security number you are
> good[.]"  WOW!!!  THEY HAVE TO CHANGE THEIR
> REQUIREMENTS/ POLICY OR EMPLOYEES.  ARE THEY
> DESPERATE TO MAKE MONEY OR RUIN HARD WORKING
> PEOPLE['S] LIVES.  PLEASE WHO EVER IS THE CEO of this
> company make sure you take care of the good people and fix your
> company[.]  Now I have to deal with all this because of mediocre
> and incompetent [employees] and company.  PLEASE HELP!!!

*Verizon Wireless - Identity Theft*, COMPLAINTS BOARD (Mar. 6, 2015),

https://www.complaintsboard.com/complaints/verizon-wireless-identity-theft-

c601752.html#c1539288.

Many victims also complain that Verizon does not adequately or reasonably investigate

whether the victim actually ordered or received the product(s) or service(s) they were charged

for.  Instead, Verizon continues to demand the identity theft victim pay for the Fraudulent

Account.  For example:

> Verizon Wireless has been putting me through loops and
> unbelievable stories that people can't believe.  I pursued the

Verizon Wireless fraud department after fraudulent accounts have been open[ed] in my name, they go on to tell me I need a police report stating [these] accounts were opened fraudulently, I say to myself okay, no problem.  Get the police report from my local county sheriff, and call them / email them the documents, the lady reviewed and told me everything was good, then hung up.  Now there is more to the story but from here on out they have deemed my account non-fraudulent for no reason and deeming me responsible for the accounts.  I work in credit so I am weary of my credit being affected at this point . . . .

*I Recently Been Affected By Identity Fraud And Have Been Dealing With A Verizon Wireless*

*Nightmare, Should I Seek Legal Action?*, AVVO (Feb. 8, 2014), https://www.avvo.com/legal-

answers/i-recently-been-affected-by-identity-fraud-and-hav-1593172.html.

Someone opened a cell phone in my name.  I got the bill.  Verizon will not close the account and wants me to pay.  Store and phone support refuse to help.  What should I do?  Verizon is scamming me.

QUORA, https://www.quora.com/Someone-opened-a-cell-phone-in-my-name-I-got-the-bill-

Verizon-will-not-close-the-account-and-wants-me-to-pay-Store-and-phone-support-refuse-to-

help-What-should-I-do-Verizon-is-scamming-me.

Posted by:  dcharrison111 Oct. 25, 2012

[I've] had the worst time with Verizon Wireless - their fraud department veers from comical to borderline [incompetent].  Someone opened a Verizon wireless account in my name at an address [I] never lived at back in late 2011.  They received several thousand dollars worth of Verizon service.  When [I] contacted Verizon to explain this was fraud having noted my credit score had been negatively impacted (note, [I] contacted them, not the other way [a]round), they have "concluded a thorough investigation and deduced it is not fraud."  [I've] yet to receive a single letter from Verizon to my correct address containing any details of what [I] owe them, or why it [isn't] fraud.  [I've] been in touch with the [fraud] department on at least a dozen occasions and have even spoken [to the] executive relations department.  [A]ll to no avail - it almost seems like no[]one over there cares, they're just intent on following their process.  So [I] keep getting calls from debt [collectors] . . . .

Posted by:  k1234b  Apr. 17, 2013

Wow I had the exact same experience with Verizon fraud as you
dcharrison111.  I randomly began receiving bills from Verizon last
year around November.  I have had AT&T since I was in high
school and had never even thought of switching providers.  I called
and they started "investigating" my case and eventually decided it
wasn't fraud . . . . The same person who[] stole my identity also
opened accounts with Sprint and T-Mobile.  Both of these
companies almost instantly dropped their charges once I showed
them a police report.  But to this day I still have a mark on my
credit from Verizon.  They simply refused to acknowledge the
evidence I had proving I did not open the account.  What['s] even
more ridiculous is that the phone what purchased in Florida.  I live
in California and have never even been to Florida!  It's like a
nightmare that will never end . . .

. . . .

Posted by:  D.A. Brooks  Sept. 27, 2017

I totally agree.  Your post sounds almost identical to my recent
experience with Verizon, and the federal government is not doing
anything at all to protect the consumer.  Verizon is a company that
I have never had any business with at all, yet I have to prove that I
have been defrauded.  How is this possible when I do not have an
account number or any other pertinent information to disprove
their claim . . . . The fraud department is a joke.  They do not seem
concern[ed] with finding the truth.  The burden of proof should be
on Verizon.  The company should have to send the consumer who
is being defrauded a copy of the original sales agreement/contract
so the consumer can verify that the signature and other pertinent
information is not correct.

*Verizon Wireless Frustrations In Dealing With Verizon Wireless Fraud Dept.*, COMPLAINTS

BOARD (Updated Sept. 27, 2017), https://www.complaintsboard.com/complaints/verizon-

wireless-frustrations-in-dealing-with-verizon-wireless-fraud-dept-c638514.html.

11.    Furthermore, Verizon has a long history of imposing fraudulent charges on

consumers and demanding payment even though Verizon has every reason to know the charges

are fraudulent.  For example, in 2015, Verizon paid tens of millions of dollars to settle a suit by

the Consumer Financial Protection Bureau ("CFPB") because it allowed fraudulent charges to be "crammed" onto its customers' bills.[1]  Verizon, who received 30% of these charges, used a system that made it easy for criminals to add unauthorized charges  to its customers' bills without their consent.[2]   When customers reported the fraudulent charges to Verizon, the Company typically demanded that they pay them anyway.[3]  Customers who refused to pay were charged late fees, had their service terminated, had negative information reported about them to the CRAs, or were subjected to debt collection activity.[4]

### Ms. Harvey's Experience

12.     In or around July 2017, without Plaintiff's knowledge or authorization, an identity thief applied for a Verizon wireless account in Plaintiff's name.  The identity thief signed a customer agreement under which Plaintiff was required to pay for Verizon's wireless service for a period of time.  The identity thief also purchased one or more cell phones in Plaintiff's name pursuant to a device installment sales agreement that allowed the identity thief to immediately obtain one or more phones while purporting to require Plaintiff to make monthly payments on the phone(s).

---

[1] Complaint at 3-4, 6, *Consumer Financial Protection Bureau v. Cellco Partnership d/b/a Verizon Wireless*, 15-cv-03268 (D.N.J. May 12, 2015), ECF No. 1, http://files.consumerfinance.gov/f/201505_cfpb-cfpb-v-verizon-complaint.pdf; Stipulated Final Judgment & Order at 11-12, *Consumer Financial Protection Bureau v. Cellco Partnership d/b/a Verizon Wireless*, 15-cv-03268 (D.N.J. May 12, 2015), ECF No. 8, http://files.consumerfinance.gov/f/201506_cfpb-cfpb-v-verizon-stipulated-final-judgment-and-order.pdf.

[2] Complaint, *supra* note 1, at 4.

[3] Complaint, *supra* note 1, at 7.

[4] Complaint, *supra* note 1, at 7.

13.     In or around July 2017, as soon as Plaintiff learned about the fraudulent account, she contacted Verizon via phone to inform Defendant that she had not purchased a product or service with Verizon.  In that initial phone conversation, a Verizon fraud department representative responded to Plaintiff with reassurance that she would make a note of it.  Verizon requested that Plaintiff send a police report to substantiate her claim that the disputed charges were the result of identity theft.

14.     Verizon did not adequately or reasonably verify the accuracy of the identifying information provided by the identity thief when he or she applied for the Fraudulent Account in Plaintiff's name.

15.     In July 2017, Verizon contacted Plaintiff regarding the cell phone(s) that the identity thief ordered in her name.  Plaintiff informed Verizon that she did not order any cell phone(s).  Plaintiff reported the Verizon identity theft to the Arlington Police Department.

16.     In July 2017, Verizon sent Plaintiff a letter stating that she had not used the wireless telephone line(s) she had recently activated (for the Fraudulent Account) and asking that she contact Verizon if she was experiencing any difficulties.

17.     In August 2017 and thereafter Verizon sent Plaintiff payment demand letters for the Fraudulent Account.  The demand letters stated that Plaintiff had a balance of $748.63 without specifying:  1) how much she was charged for wireless service; 2) which service plan(s) she was charged for; 3) how much she was charged for the phone(s); or 4) what phone(s) she was charged for.  Nor did Verizon provide any information regarding the terms of the customer agreement or device installment sales agreement.

18.     From July 2017 through August 2017, while Plaintiff waited for the Arlington Police Department to send her a filed police report, Verizon continued to demand payment from

her.  Defendant's communications to Plaintiff included threats that the company would activate the phones that were fraudulently purchased.  Because this would only exacerbate her already difficult position with Verizon, Plaintiff even provided Verizon with the phone number for the Arlington Police Department to substantiate her claim of identity theft.

19.    In or around September 2017, as soon as Plaintiff received the police report, she faxed it to Verizon.

20.    In or around September 2017, even after confirming receipt of the police report, Verizon communicated to Plaintiff that it refused to accept that the charges billed to her were the result of identity theft.

21.    Verizon continued to send Plaintiff bills and threatened to damage her credit if she did not pay for the Fraudulent Account.

22.    Under duress, to avoid having her credit destroyed, Plaintiff made payments to Verizon.

23.    Around the same time an identity thief opened the fraudulent Verizon account in Plaintiff's name, one or more identity thieves opened fraudulent accounts in Plaintiff's name with multiple other companies.  Every company except Verizon discharged the fraudulent debts incurred by the identity thieves/thief once Plaintiff reported the identity theft.

24.    In short, Verizon allowed identity thieves to open Fraudulent Accounts in Plaintiff's and Class Members' names.  Verizon did not take adequate or reasonable steps to verify the identity thieves' identifying information before allowing them to sign up for Fraudulent Accounts in Plaintiff's and Class Members' names.  Verizon then demanded that Plaintiff and Class Members payoff the Fraudulent Accounts.

25.     The notices and bills Verizon sent to Plaintiff and Class Members for the Fraudulent Accounts did not explain what product(s) or service(s) Verizon purportedly provided to them and what they were charged for those product(s) or services(s).

26.     Verizon failed to conduct a reasonable or adequate investigation and continued to demand Plaintiff and Class Members payoff the Fraudulent Accounts.  Verizon threatened to destroy Plaintiff's and Class Members' credit if they did not payoff the Fraudulent Accounts and followed through on the threat if they did not pay quickly enough.  As a result, acting under duress, Plaintiff and some Class Members made payments on the Fraudulent Accounts, suffered damage to their credit, paid more for credit as a result of false negative reports Verizon made to the CRAs, had their accounts sent to debt collection agencies, and/or were subjected to collection activities.

**New Jersey's Substantive Law**
**Applies To The Nationwide Class Members**

27.     New Jersey's substantive laws apply to Plaintiff and Class Members nationwide. Verizon's headquarters are in Basking Ridge, New Jersey.  Verizon owns property and conducts substantial business in New Jersey.  Verizon's executive leadership and corporate functions are located in Basking Ridge, New Jersey.  The misconduct alleged herein was devised in and carried out nationwide from the State of New Jersey.  Verizon's policies for authenticating prospective customers' identities were and are created in New Jersey.  The execution of these policies is overseen by Verizon's employees in New Jersey.  Verizon's policies for investigating identity theft and billing consumers who report themselves as the victims of identity theft were and are created in New Jersey.  The execution of these policies is overseen by Verizon's employees in New Jersey.  Verizon employees in the State of New Jersey designed the bills and delinquency notices that were sent to Verizon identity theft victims nationwide and determined

what information would be included therein.  This conduct emanating from New Jersey similarly

injured and affected Plaintiff and all Class Members residing throughout the United States.

### Class Action Allegations

28.      This matter is brought by Plaintiff on behalf of herself and those similarly situated

under Rule 23 of the Federal Rules of Civil Procedure.

29.      The Class that Plaintiff seeks to represent is defined as follows:

All persons in the United States charged by Verizon for products or services not actually
purchased by such persons on or after April 2012 (the "Class").

30.      Excluded from the Class are current bona fide Verizon customers; any parent,

subsidiary, or affiliate of Verizon; any entity in which Verizon has or had a controlling interest,

or which Verizon otherwise controls or controlled; and any officer, director, employee, legal

representative, predecessor, successor, or assignee of Verizon.

31.      This action is brought as a class action for the following reasons:

a.      The Class consists of thousands of persons or more and is therefore so

numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law or fact common to the Class that predominate

over any questions affecting only individual members, including:

i.      Whether Verizon's billing and collection practices, as alleged

herein, are unjust and unreasonable in violation of the Communications Act, 47 U.S.C. §§

201(b), 206, 207.

ii.      Whether the debt notices Verizon sent to Plaintiff and Class

Members failed to include a brief, clear, sufficiently specific statement regarding the services

purportedly rendered in violation of 47 C.F.R. § 64.2401;

iii.      whether Verizon violated N.J.S.A. 56: 8-1 *et seq.*;

iv.      whether Verizon was negligent by failing to take reasonable steps to prevent the opening of Fraudulent Accounts;

v.      whether Verizon was negligent by failing to investigate Plaintiff's and Class Members' reports of fraud;

vi.      whether Verizon was unjustly enriched by the opening of Fraudulent Accounts and the collection of payments for the Fraudulent Accounts;

vii.      whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

viii.      whether Verizon should be enjoined from the unlawful practices alleged herein;

c.      The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.      Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class litigation involving consumer protection, identity theft, and consumer fraud;

e.      Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Verizon;

f.      Verizon has acted on grounds that apply generally to the Class so that final injunctive relief prohibiting Verizon from continuing their deceptive, unconscionable practices is appropriate with respect to the Class as a whole;

g.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.      Absent a class action, Class Members, as a practical matter, will be unable to obtain redress, Verizon's unlawful practices will continue without remedy, additional consumers and purchasers will be harmed, and Verizon will continue to retain its ill-gotten gains;

ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.    When the liability of Verizon has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.     A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense, and ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.     Verizon has acted on grounds generally applicable to Class Members, making class-wide monetary and injunctive relief appropriate.

32.    Verizon's violations of 47 U.S.C. §201(b), 47 C.F.R. § 64.2401, N.J.S.A. 56: 8-1 *et seq.* as well as its negligence and unjust enrichment are applicable to all members of the Class, and Plaintiff is entitled to have Verizon enjoined from engaging in illegal and deceptive conduct in the future.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. §§ 201(b), 206, & 207, and 47 C.F.R. § 64.2401**
**(On Behalf Of Plaintiff And Class Members)**

33.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34.     47 U.S.C. § 201(b) provides, in relevant part, that all charges and practices in connection with a communication service shall be just and reasonable and any such charge or practice that is unjust or unreasonable is unlawful.

35.     Verizon's practice of billing and collecting unauthorized charges from Plaintiff and Class Members is neither just nor reasonable and is in fact unjust and unreasonable under 47 U.S.C. § 201(b).

36.     The FCC's Truth in Billing Requirements, 47 C.F.R. § 64.2401, provide, in relevant part:

> (b) Descriptions of billed charges.  Charges contained on phone bills must be accompanied by a brief, clear, non-misleading description of the service or services rendered.  The description must be sufficiently clear in presentation and specific enough in content so that customers can accurately assess that the services for which they have been billed were actually requested and received and that the costs for those services conform to their understanding of the price charged.
> . . . .
>
> (d) Clear and conspicuous disclosure of inquiry contacts.  Telephone bills must contain clear and conspicuous disclosure of any information that the subscriber may need to make inquiries about, or contest, charges on the bill.

37.     The bills for the Fraudulent Accounts Verizon sent to Plaintiff and Class Members did not include a "clear, non-misleading, plain language description of the service or services rendered" nor did they "contain clear and conspicuous disclosure of any information that the subscriber may need to make inquiries about, or contest, charges on the bill," in violation of 47 C.F.R. § 64.2401.  The bills did not explain what product(s) and service(s) Verizon purportedly provided to Plaintiff and Class Members or how much they were charged for those

product(s) and services(s).  The bills were misleading because they represented that Plaintiff and Class Members owed money for services and products they neither purchased nor received.

38.    Verizon is liable to Plaintiff and Class Members for damages and attorneys' fees, pursuant to 47 U.S.C. § 206, which provides:

> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful . . . such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee . . . .

39.    As a result of Verizon's violations, Plaintiff and Class Members suffered damages and pursuant to 47 U.S.C. § 207 are entitled to recover, as follows:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may . . . bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction . . . .

40.    As a direct and proximate result of Verizon' unjust, unreasonable and unlawful practices, Verizon has damaged Plaintiff and Class Members and unlawfully collected millions of dollars from them.  Pursuant to 47 U.S.C. §§ 206 and 207 Plaintiff and Class Members are entitled to recover from Verizon damages plus attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Violation of N.J.S.A. 56: 8-1 *et seq*.**
**(On Behalf Of Plaintiff And Class Members)**

41.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

42.    The Consumer Fraud Act prohibits, *inter alia*:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment,

> suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . .

N.J.S.A. § 56:8-2.

43.      Verizon used or employed an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with its efforts to coerce Plaintiff and Class Members to pay for the Fraudulent Accounts in violation of N.J.S.A. § 56:8-2.

44.      Verizon misrepresented to Plaintiff and Class Members that they were obligated to pay for the Fraudulent Accounts.

45.      Verizon represented to Plaintiff and Class Members that the Company would damage their credit rating if they did not pay for the Fraudulent Accounts.

46.      Verizon misrepresented to Plaintiff and Class Members that the Company was entitled to report negative information about them to the CRAs and damage their credit rating if they did not pay for the Fraudulent Accounts.

47.      Verizon made these threats and misrepresentations even though:  1) Plaintiff and Class Members notified Verizon that the Fraudulent Accounts were opened by identity thieves; 2) Verizon knew that its point of sales procedures lacked sufficient checks and safeguards to prevent identity theft; and 3) Verizon failed to conduct an adequate or reasonable investigation into Plaintiff's and Class Member's claims of identity theft.

48.      Verizon's conduct was consumer oriented because Verizon made the foregoing

threats and misrepresentations to consumers throughout the United States.

49.     Verizon's conduct caused an ascertainable loss.  As a consequence the foregoing unconscionable commercial practices and misrepresentations by Verizon, Plaintiff and Class Members suffered an ascertainable loss in the amount of the money they paid to Verizon for the Fraudulent Accounts, the damage to their credit, the additional cost of credit, the lost economic opportunities resulting therefrom, and/or the costs of being subjected to debt collection activity.

50.     Verizon caused this loss because Plaintiff and Class Members would not have made payments to Verizon for the Fraudulent Accounts if not for Verizon's above described unconscionable commercial practices and misrepresentations, if Verizon had not reported false negative information about them to the CRAs, and/or if Verizon had not wrongly and unlawfully subjected them to debt collection activity for the Fraudulent Accounts.

51.     By reason of the foregoing, Verizon is liable to Plaintiff and Class Members for trebled compensatory damages, attorneys' fees, and the costs of this suit.  N.J.S.A. §§ 56:8-2.11, 8-2.12, 8-19.  Plaintiff also seeks injunctive relief pursuant to N.J.S.A. §§ 56:8-19 ordering Verizon to: 1) employ adequate and reasonable procedures for authenticating the identity of prospective customers at the point of sale; 2) conduct a reasonable and adequate investigation into every complaint of identity theft; and 3) correct any erroneous reports of delinquency Verizon has made to the CRAs about Plaintiff and Class Members.

### THIRD CAUSE OF ACTION
### Negligence
### (On Behalf Of Plaintiff And Class Members)

52.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

53.     Verizon owed Plaintiff and Class Members a duty of care with respect to

Verizon's actions and the actions of Verizon's employees in the accessing and use of their personal information, the opening of accounts, the assessment of product and service charges, the accuracy of their bills, the adequacy of their investigations, and the accuracy of the information they report to the CRAs.

54.     Verizon's conduct with respect to Plaintiff and Class Members was far below the applicable standards for their industry.

55.     Verizon's conduct was negligent with respect to Plaintiff and Class Members.

56.     As a direct and proximate result of the negligence listed above Plaintiff and Class Members have suffered damages and are entitled to relief for Verizon's negligence.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf Of Plaintiff And Class Members)

57.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

58.     By engaging in the conduct described above, Verizon has unjustly enriched itself at the expense of Plaintiff and Class Members.

59.     It would be unjust and inequitable for Verizon to retain the payments Verizon has obtained as a result of the conduct described above.

60.     By reason of the foregoing, Verizon is liable to Plaintiff and Class Members for the damages they have suffered as a result of Verizon's actions, the amount of which shall be determined at trial, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that the Court should enter judgment against Verizon as follows:

1.      Certifying this action as a class action, with a class as defined above, and appoint

Plaintiff as the Class representative;

2.      Awarding against Verizon damages that Plaintiff and Class Members have

suffered, trebled, and granting appropriate injunctive and declaratory relief;

3.      Awarding Plaintiff and the Class pre- and post-judgment interest, costs and

attorneys' fees; and

4.      Awarding Plaintiff and Class Members such other and further relief as this Court

deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by

jury.

Dated:      May 24, 2018
            White Plains, New York

                                        FINKELSTEIN, BLANKINSHIP,
                                        FREI-PEARSON & GARBER, LLP

                            By:      /s/ Andrew G. Finkelstein
                                     Andrew G. Finkelstein (NJ Attorney ID #
                                     027611991)
                                     D. Greg Blankinship (*pro hac vice*
                                     forthcoming)
                                     Jean M. Sedlak (*pro hac vice* forthcoming)
                                     445 Hamilton Avenue, Suite 605
                                     White Plains, New York 10601
                                     Tel: (914) 298-3281
                                     Fax: (914) 824-1561
                                     afinkelstein@lawampm.com
                                     gblankinship@fbfglaw.com
                                     jsedlak@fbfglaw.com

                                     Catherine J. Fleming (*pro hac vice*
                                     forthcoming)
                                     Fleming Law Firm PLLC
                                     936 North 34th Street, Suite 300A
                                     Seattle, Washington 98103
                                     Tel: (206) 453-2558
                                     cf@cfleminglaw.com

Beth E. Terrell (*pro hac vice* forthcoming)
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 816-6603
Fax: (206) 319-5450
bterrell@terrellmarshall.com

*Attorneys for Plaintiff and Putative Class*